J. B. RITZMANN, Appellant, v. C. ASPELMEIER, Appellee.

Alleys: ADVERSE POSSESSION: LIMITATION OF ACTIONS. Ten years of uninterrupted use and occupation of an alley under a conveyance, in which said alley was reserved as such to the grantors, but across which the grantee, during said period, maintained a fence, and upon which he paid the taxes and special assessments, is sufficient to constitute a title by adverse possession as against an adjoining lot owner, who has not claimed the right to use said alley for more than ten years.

Appeal from Des Moines District Court.—HON. JAMES D. SMYTHE, Judge.

TUESDAY, OCTOBER 10, 1893.

ACTION in equity to enjoin the obstruction of an alleyway. From a decree for the defendant, the plaintiff appeals.—Affirmed.

A. H. Stutsman, for appellant.

*Blake & Blake*, for appellee.

KINNE, J.—In April, 1872, Phillip Bauer and William Schaffner owned lot 979, in the city of Burlington, Iowa. Said lot was under the control of Theodore Guelich, trustee, who on said date sold the west forty feet of said lot to one Wright, and the east twenty feet to the plaintiff. Afterwards, the defendant purchased the Wright forty feet. All the deeds conveying the property contained the following provision: "Subject, however, to the right of way for a private alley over the south eight feet of the said described tract." The defendant's forty feet abuts on Jefferson street and Central avenue. The plaintiff's twenty feet of ground is situated east of it, and adjoining the defendant's forty feet. All the tracts faced Jefferson street, and the only means of access to the rear of the building on the plaintiffs lot was over the eight feet thus reserved. The plaintiff claims that the defendant has obstructed this alleyway so as to prevent its use. He asks that the defendant be compelled to remove such obstructions, and that he be perpetually enjoined from again obstructing the same. The defendant admits ownership of the property in controversy, denies the plaintiff's rights to an alleyway over the same, avers that he has been in adverse possession of the claimed right of way for over nineteen years prior to the trial of this action, that same is part of his homestead, and pleads the statute of limitations. He also denies every allegation in the plaintiff's petition not admitted. The court below entered a decree dismissing the plaintiff's bill, from which this appeal is prosecuted.

The grant sought to be enforced is a reservation of a private way by the defendant's grantors, over land granted to him. It is contended by the defendant that the grant was for the benefit of the grantors alone; that by the terms thereof it did not inure to the plaintiff;

hence he had no easement over the property thus conveyed to the defendant.    Evidence other than the deeds was introduced, which, if competent and material, shows that the intention was to reserve an alleyway right for the use of all persons who might become purchasers of the real estate.    In our view of the case we need not determine whether the reservation in the deeds inured to the benefit of the plaintiff.    For the purposes of this case we assume that they did.    The question then is, has this right been lost by adverse possession or by operation of the statute of limitations?

Without entering into a detailed discussion of the evidence, we may say that it is conflicting, but we think it fairly establishes the defense of the statute of limitations.    The defendant and his grantors have occupied and used this alleged alleyway for more than ten years under a claim of right and adversely to the plaintiff.    There is nothing in the evidence to show that the plaintiff ever thought of making any claim to this eight feet of ground now in controversy until a short time prior to the beginning of this action, and after over ten years had elapsed since his right of action had accrued.    Indeed, the plaintiff, during all of these years, seems to have acquiesced in the adverse holding and user of the defendant.    The defendant improved his part of the lot in 1876.    He built a house thereon, and occupied it a part of the time.    He made no claim of a right to use the alleyway until in August, 1891.    During all of this time, as we understand the evidence, there existed a fence across the alley, and between the property of the plaintiff and defendant, without the removal of which the plaintiff could not have used the alley, even if it had not been otherwise obstructed.    It appears from the plaintiff's own testimony that for more than ten years prior to the commencement of this suit the alley had been so obstructed that at most, in some places, the passageway was not over three feet

wide; that the plaintiff never used the alley "to haul things through to the rear of my [his] lot; have had no occasion to go clear through; it wasn't kept open to drive clear through." It appears without conflict that the defendant has paid the taxes and special assessments on this alleyway ever since he purchased the land. That the plaintiff did not claim the eight feet as an alleyway is further shown from the fact that prior to bringing this suit he petitioned the council of the city, to cause the property owners to make an alleyway over this identical ground which he now claims was an alley, and obstructed by the defendant. We need not cite the cases touching what will constitute adverse possession as to set the statute of limitations in operation. We think the facts disclosed by this record show that defendant had been in adverse, actual, visible, exclusive, and continuous occupation of this eight feet of ground under a claim of right for more than ten years prior to the trying of this suit, and hence the plaintiff's action is barred. The court below properly entered a decree for the defendant. AFFIRMED.